UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 11-20300-CR-MOORE/TORRES

UNITED STATES OF AMERICA,

    Plaintiff,

v.

TAVON GRAHAM,

    Defendant.
_____/

## REPORT AND RECOMMENDATION ON PETITION
## FOR REVOCATION OF SUPERVISED RELEASE

This matter came before the Court on April 8, 2014 for an evidentiary hearing on the government's Petition for Revocation of Supervised Release ("Petition"). [D.E. 64].[1] The government alleges that Defendant Tavon Graham ("Defendant") committed four violations of his supervised release and requests that his term of supervised release be revoked. Specifically, the government alleges Defendant: (1) violated a mandatory condition of his supervised released by failing to refrain from a violation of the law, contrary to 18 U.S.C. § 922(g)(1); (2) violated a mandatory condition of his supervised released by possessing a firearm as defined in 18 U.S.C. § 921; and (3) twice violated a standard condition of his supervised released by associating with two convicted felons without permission of the U.S. Probation Office. Having carefully considered the government's Petition, the testimony of the witnesses at the hearing,

---

[1] The Honorable K. Michael Moore referred this matter to the undersigned Magistrate Judge. [D.E. 69].

the arguments of counsel, and upon a complete review of the record, the Court finds that Defendant did violate two conditions of his supervised release and, accordingly, recommends that the Petition be GRANTED in part and that Defendant's term of supervised release be revoked.

Defendant testified that on September 4, 2014 at approximately midnight, he went to a gym in Aventura, Florida where he remained for approximately one hour. After leaving the gym during the early morning hours of September 5, 2014, Defendant stopped at a convenience store near his home to purchase an energy drink. While at the convenience store, Defendant was confronted by an individual named "Mike", who Defendant was familiar with. Mike told Defendant that he had heard someone threatened Defendant and would be coming by Defendant's house later that morning, between 2:00 and 3:00 a.m., to follow through on that threat. Defendant felt threatened by this information and was concerned that his safety and home were at risk.[2] Defendant asked whether Mike had a gun on him, which Mike did, and Defendant grabbed it from him. Defendant returned home, showered, and sat on the couch until approximately 7:00 a.m., at which time law enforcement and probation officers arrived at his home based on a tip that Defendant had possibly violated the conditions of his supervised release. Unlike Mike told Defendant, Defendant testified that no one went by or threatened Defendant's home between 2:00 and 3:00 a.m. that morning.

---

[2] At the time of this incident, Defendant resided in his grandfather's home along with Defendant's mother, his girlfriend and her six-year-old daughter.

Based on Defendant's credible testimony that he acquired and was in possession of a firearm on September 5, 2014, the probation officer's testimony that Defendant told her that the gun was his when law enforcement and probation officers arrived at Defendant's residence, and the lack of any evidence or testimony whatsoever to contradict the foregoing, we find that the government met its burden of establishing by a preponderance of the evidence that Defendant violated two mandatory conditions of his supervised released by possessing a firearm as defined in 18 U.S.C. § 921 and failing to refrain from a violation of the law. *See* 18 U.S.C. § 3583(e)(3) (to revoke a defendant's supervised release, the court must find by a preponderance of the evidence that the defendant violated a condition of supervised release).

The government also alleges in the Petition that Defendant twice violated a standard condition of his supervised released by associating with two convicted felons (Vincent Green and Sean Fleming) without permission of the U.S. Probation Office. The testimony adduced at the hearing demonstrates, however, that, at best, Defendant knew these two individuals as acquaintances who resided at the same halfway-house as Defendant following his release from prison in May 2013. We find that the government has not met its burden of establishing by a preponderance of the evidence that Defendant violated his supervised release by repeatedly or deliberately associating with these two convicted felons for any material period of time.

Accordingly, we recommend that the Petition be GRANTED in part, only as to violations (1) and (2), and that Defendant's term of Supervised Release be revoked.

Pursuant to Local Magistrate Rule 4(b), the parties have fourteen (14) days from the date of this Report and Recommendation to serve and file written objections, if any, with the Honorable K. Michael Moore, United States District Judge. Failure to timely file objections shall bar the parties from a *de novo* determination by the District Judge of an issue covered in the report and bar the parties from attacking on appeal the factual findings contained herein. *R.T.C. v. Hallmark Builders, Inc.,* 996 F.2d 1144, 1149 (11th Cir. 1993); *LoConte v. Dugger*, 847 F.2d 745 (11th Cir. 1988); *Nettles v. Wainwright*, 677 F.2d 404, 410 (5th Cir. Unit B 1982) (en banc); 28 U.S.C. § 636(b)(1).

**DONE AND SUBMITTED** in Chambers at Miami, Florida, this 8th day of April, 2014.

/s/ *Edwin G. Torres*
EDWIN G. TORRES
United States Magistrate Judge